[No. 33541. Department One. April 26, 1956.]

ARNOLD ORLOSKE et al., Respondents, v. NORTHERN PACIFIC RAILWAY COMPANY, Appellant.[1]

Dean H. Eastman and Roscoe Krier, for appellant.

Ralph Armstrong and Herbert Springer, for respondents.

[1] Reported in 296 P. (2d) 534.

FINLEY, J.—This is a personal injury action. Plaintiff Arnold Orloske, working as an independent contractor with a crew of several men, was loading logs into railroad cars which were furnished by the defendant corporation, the Northern Pacific Railway Company. Orloske and his crew placed three logs on the floor of a gondola-type railroad car. The fourth log to be loaded was a large one—about three feet in diameter and approximately twelve thousand pounds in weight. It was deposited in the car and rested on the other logs lying in the bottom of the car. Orloske then climbed into the railroad car for the purpose of disengaging the cables or rigging that had been used in loading the log.

He testified that, upon the rigging being pulled away, the fourth log moved a couple of inches; that he thought it might roll and pin him against the side of the car; that he hastily climbed on the end gate of the car in an effort to reach a position of safety. The gate, made of heavy timbers, fell outward, away from the car, to the ground. Orloske was pinned underneath the gate, and he suffered severe injuries to his left leg. The theory advanced by the plaintiff in the trial court was that the car was in a defective condition because of the absence of certain bolts required to hold the end gate securely in position.

In instruction No. 7 to the jury, the trial court stated:

"You are instructed that it is the duty of the defendant railroad to exercise ordinary care to furnish cars in such condition that they could be loaded with reasonable safety to those engaged in that work."

Instruction No. 9 stated:

"I instruct you that it is not the duty of the defendant to load logs in railroad cars and there is no duty on the part of the railroad to supervise or instruct the plaintiff as to method and manner of loading.

"Therefore, if you find that the injuries to the plaintiff were caused by the manner or method of loading the logs in the railroad car, your verdict must be for the defendant."

Instruction No. 11, on contributory negligence, stated:

"Contributory negligence is such negligence on the part of the person injured or damaged as helped to cause the injury

or damage complained of. The want of due care on his part, if it contributes directly to cause the injury or damage, is contributory negligence."

Adequate instructions were given on proximate cause in instruction No. 10; ordinary care, in instruction No. 6; and negligence, in instruction No. 5. The trial court refused to give defendant's requested instruction No. 10, which read as follows:

"I instruct you that if you find that before the accident the plaintiff placed a log in the car so that bolts would no longer fit between the car and the end gate and that the log occupied the space that should be occupied by the end gate if it were in its proper place, then the failure of the de- · fendant, if any, to place bolts in the end gate would no longer be a proximate cause of the gate falling, and your verdict should be for the defendant."

Several witnesses for the plaintiff who had inspected the railroad car and the end gate after the accident testified that they found no bolts in the end gate, the car, nor anywhere on the ground; that the bolt holes were corroded with rust; and that there was a semicircular "scuff" or "scar" near the top of the end gate. The testimony is conflicting as to how far the end of the fourth log was from the end of the car; i.e., whether the end of it, at the time of the accident, occupied any portion of the space where the end gate of the car ordinarily would have stood.

The jury rendered a verdict in favor of plaintiffs, and judgment was entered thereon. The defendant railroad has appealed.

■■ Error is assigned to the denial of motions (1) for a directed verdict, (2) for judgment n.o.v., and (3) to the refusal of the trial court to give appellant's requested instruction No. 10. In connection with the motions, the trial court was required to interpret the evidence and all reasonable inferences therefrom in the light most favorable to Mr. Orloske. *Kemalyan v. Henderson,* 45 Wn. (2d) 693, 277 P. (2d) 372. So considered, we think the evidence was sufficient to take the case to the jury. The trial court did not

err in denying the motions for a directed verdict and for judgment n.o.v.

The only remaining question is whether the trial court erred in refusing to give requested instruction No. 10, quoted hereinbefore. This requested instruction obviously emphasized the doctrine of independent intervening acts or force as a superseding cause; *i.e.*, it related to the theory of the railway company that it was not liable because Orloske and his crew, in loading the fourth log, bumped the end gate and brought about the defective and dangerous condition of the car, thereby causing the injury to Mr. Orloske. We believe that this aspect of the case relating to the manner and method of the loading of the logs was adequately covered by the trial court's instruction No. 9 (quoted hereinbefore). Furthermore, in *Swanson v. Gilpin*, 25 Wn. (2d) 147, 169 P. (2d) 356, the court, quoting from 38 Am. Jur., said:

" 'The rule that the causal connection between a person's negligence and an injury is broken by the intervention of a new, independent, and efficient intervening cause so that the negligence is not actionable, *is subject to the qualification that if an intervening cause was foreseen or reasonably might have been foreseen by the wrongdoer, his negligence may be considered the proximate cause of an injury, and he may be held liable, notwithstanding the intervening cause. The intervention of independent intervening causes will not break causal connection if the intervention of such forces was itself probable or foreseeable.*' 38 Am. Jur. 726, § 70." (Italics ours.)

Appellant's requested instruction No. 10, quoted above, does not cover the element of foreseeability in relation to the doctrine of intervening or superseding cause. The omission thereof is significant. For this reason, we think it would have been error for the trial court to have given the appellant's requested instruction No. 10.

The evidence presented questions of fact for the jury. With particular emphasis relative to contributory negligence and proximate cause, we are convinced that the jury was properly and adequately instructed by the trial court.

(See instructions referred to, and those quoted herein-above.)

The judgment of the trial court should be affirmed. It is so ordered.

HAMLEY, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.